# 24-

# United States Court of Appeals

*for the*

# Second Circuit

LORI BAZINETT, individually and on behalf of others similarly situated,

*Plaintiff-Respondent,*

— v. —

PREGIS LLC,

*Defendant-Petitioner.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1292(b) AND FRAP 5(a)(3)

ROBERT M. TUCKER
OGLETREE DEAKINS
*Attorneys for Defendant-Petitioner*
599 Lexington Avenue, Suite 1700
New York, New York 10022
(212) 492-2500

## CORPORATE DISCLOSURE STATEMENT

Defendant-Petitioner Pregis LLC certifies that it is a non-governmental, Limited Liability Company and not a corporation. Plaintiff's employing entity was Pregis Innovative Packaging LLC. Pregis Innovative Packaging LLC is member-owned by Pregis LLC, which is member-owned by Pregis Topco LLC. No corporation owns Pregis LLC.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................1

QUESTION PRESENTED ...................................................................................4

RELIEF SOUGHT ...............................................................................................5

I.  BACKGROUND AND PROCEDURAL HISTORY ...................................5

II.  ARGUMENT ..................................................................................................7

    A.  Legal Standard. ...........................................................................................7

    B.  The March 14th Order Involves a Controlling Question of Law. ....................9

    C.  There is a Substantial Difference of Opinion over this Issue within the
       Courts. ........................................................................................................10

    D.  Immediate Appeal of the March 14th Order Will Materially Advance
       the Ultimate Termination of This and Other Litigation. ..............................14

III. CONCLUSION ..............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arciello v. Cty. of Nassau*,
    No. 16-cv-3974, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019)........................12

*Baker v. Saint-Gobain Performance Plastics Corp.*,
    232 F.Supp. 3d 233 (N.D.N.Y. Feb. 6, 2017), *aff'd in part*, 959
    F.3d 70 (2d Cir. 2020) ........................................................................14

*Balintulo v. Daimler AG*,
    727 F.3d 174 (2d Cir. 2013) ............................................................7, 8

*Benoit v. Saint-Gobain Performance Plastics Corp.*,
    959 F.3d 491 (2d Cir. 2020) ..............................................................11

*Birthwright v. Advance Stores Co., Inc.*,
    No. 22-593, Dkt. No. 72 (E.D.N.Y. July 24, 2024)................................9, 11, 15

*Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc.*,
    368 F.3d 86 (2d Cir. 2004) ................................................................16

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F.Supp.2d 537 (S.D.N.Y. 2013) ....................................................10

*Charles v. United States of Aritzia*,
    No. 1:23-cv-9389 (MMG), Dkt. No. 31 (S.D.N.Y. Oct. 22, 2024)....................9

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
    No. 12-cv-5563, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018) ......................13

*Consub Del. LLC v. Schahin Engenharia Limitada*,
    476 F.Supp.2d 305 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d
    Cir.2008), *abrogated in part on other grounds* by *Shipping Corp.
    of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir.
    2009) ..............................................................................................10

*Florio v. City of N.Y., N.Y.*,
    No. 06 Civ. 6473 (SAS), 2008 WL 3068247 (S.D.N.Y. Aug. 5,
    2008) ..............................................................................................14

ii

*Galante v. Watermark Services IV, LLC*,
  No. 23-cv-6227, 2024 U.S. Dist. LEXIS 40337 (W.D.N.Y. Mar. 7,
  2024) ................................................................................................12

*Gelboim v. Bank of Am. Corp.*,
  574 U.S. 405 (2015)...........................................................................8

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*,
  907 F.Supp.2d 492 (S.D.N.Y. 2012) ...............................................10

*Hussain v. Pak. Int'l Airlines Corp.*,
  No. 11-cv-932, 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ...........12

*Klinghoffer v. S.N.C. Achille Lauro AltriGestione Motonave Achille
  Lauro in Amministrazione Straordinaria*,
  921 F.2d 21 (2d Cir. 1990) .............................................................8, 9

*Koehler v. Bank of Berm. Ltd.*,
  101 F.3d 863 (2d Cir. 1996) ..........................................................8, 14

*Ramos v. Apple Inc.*,
  2023 U.S. Dist. LEXIS 158183 (S.D.N.Y. Sept. 6, 2023) ..................9

*Republic of Colom. v. Diageo N. America Inc.*,
  619 F.Supp.2d 7 (E.D.N.Y. Sept. 7, 2007) .......................................15

*Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*,
  358 F.Supp.2d 347 (S.D.N.Y. 2005) ................................................14

*Vengalattore v. Cornell Univ.*,
  36 F.4th 87 (2d Cir. 2022) .................................................................9

*Vidal v. Nielsen*,
  2018 U.S. Dist. LEXIS 3179 (E.D.N.Y. Jan. 8, 2018) ......................15

*Yu v. Hasaki Rest., Inc.*,
  874 F.3d 94, 96 (2d Cir. 2017) .........................................................14

*Zakrzewska v. New School*,
  574 F.3d 24 (2d. Cir. 2009) ........................................................11, 14

iii

**State Cases**

*Grant v. Global Aircraft Dispatch, Inc.*,
    223 A.D.3d 712, 104 N.Y.S.3d 117 (2d Dep't 2024)..................................*passim*

*Hunter v. Planned Bldg. Servs., Inc.*,
    No. 715053/2017, 2018 WL 3392476 (Queens Cnty. Sup. Ct., June
    11, 2018) .............................................................................................................12

*IKEA U.S. v. Indus. Bd. of Appeals*,
    241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997).........................................12

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
    38 N.Y.3d 38, 165 N.Y.S.3d 1 (2022) ...............................................................2

*Phillips v Max Finkelstein, Inc.*,
    66 Misc.3d 514, 115 N.Y.S.3d 866 (Suffolk Cty. Sup. Ct. 2019),
    *aff'd as modified by* 73 Misc.3d 1, 153 N.Y.S.3d 750 (App. Div.
    2021) ..................................................................................................................12

*Vega v. CM and Associates Construction Management, LLC*,
    175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) ..............................*passim*

**Federal Statutes**

28 U.S.C. § 1292(b) ................................................................................................*passim*

**State Statutes**

NYLL § 191 .............................................................................................................*passim*

NYLL § 198 ..................................................................................................................2, 12

NYLL § 218 ......................................................................................................................1

**Rules**

Federal Rule of Appellate Procedure 5(a)(3).....................................................1, 7

Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) ................................6

**Other Authorities**

Jennifer Bennett, *NY Manual Worker Pay-Delay Suits Spike After
  Century on Books,* BLOOMBERG LAW (Oct. 2, 2023)...................................16

Keshia Clukey, *Century-old New York State Weekly Pay Law
  Sparking Contentious Legal Battle,* NEWSDAY (June 23, 2024).....................16

Nicole Gelinas, *Insane State Law Poses Huge New Threat to New
  York Jobs*, NEW YORK POST (March 19, 2023) ............................................16

This is a Petition for interlocutory review under 28 U.S.C. §1292(b) brought by Defendant-Petitioner, Pregis LLC.

## PRELIMINARY STATEMENT

Pregis LLC ("Pregis") respectfully submits this Petition in support of its request for an interlocutory appeal of the district court's March 14, 2024 Order ("March 14th Order") denying Pregis' motion to dismiss, pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3). Pay frequency claims arising under the New York Labor Law ("NYLL") have inundated and confounded the federal and state courts in New York for the past five years. The Petition presents this Court with the opportunity to determine whether these claims even belong in the courts.

For decades, New York state and federal courts consistently and correctly held that a mere pay frequency violation of NYLL § 191, such as when a manual worker is paid on bi-weekly instead of weekly basis, without any actual underpayment or failure to pay wages, does not trigger a private right of action to recover damages under the NYLL. Rather, it was understood that these violations were within the exclusive jurisdiction of the New York Commissioner of Labor to be assessed solely by civil penalties in accordance with NYLL § 218.

In September 2019, the Appellate Division, First Department, departed from this settled law in *Vega v. CM and Associates Construction Management, LLC*, 175

1

A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), and wrongly held in a short and poorly-reasoned decision that there is an express and implied private right of action for technical violations of NYLL § 191. The unprecedented *Vega* decision is contrary to the plain text of the relevant sections of the NYLL, §§ 191 and 198, decades of precedent on this issue, and the New York Court of Appeals' recent decision in *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 41, 165 N.Y.S.3d 1, 3 (2022).

*Vega* has led to a spate of opportunistic lawsuits seeking to capitalize on purported technical violations of NYLL § 191 and obtain significant windfalls for plaintiffs who received their full wages, albeit on a bi-weekly basis—something that had not occurred for over 100 years following the initial enactment of the weekly pay requirement in 1890.

The Complaint filed in this action is the latest such effort. Plaintiff-Respondent Lori Bazinett ("Plaintiff"), a former short-term Pregis employee, brings this action on behalf of herself and other purportedly similarly situated current and former Pregis employees. Plaintiff's sole claim is for an alleged violation of NYLL § 191. Plaintiff alleges that she and members of the putative class were manual workers who received their wages on a bi-weekly basis rather than a weekly basis in violation of the statute. Notably, Plaintiff does ***not*** allege that Pregis failed to pay

2

her or the putative class members their wages in full. Rather, Plaintiff merely alleges that Pregis paid half of her and the putative class members' wages a week late.

Plaintiff and others like her who have been paid in full are using the *Vega* decision to try to obtain a windfall and collect liquidated damages ***equal to half of the wages they have already been paid***. For example, under this draconian theory of recovery, an employee who receives $1,000 per week ***could recover $156,000 in liquidated damages*** ($1,000 x 26 late weekly payments per year x 6-year statute of limitations) simply because they received their wages every other week instead of every week.

In *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 104 N.Y.S.3d 117 (2d Dep't 2024), the Appellate Division, Second Department, correctly held that there is no express or implied private right of action to recover liquidated damages, prejudgment interest, or attorneys' fees when manual workers are paid their wages in full on a bi-weekly, rather than weekly, basis in violation of NYLL § 191. In reaching its holding, the Second Department considered and ultimately rejected the First Department's contrary holding on this issue in *Vega*.

*Grant* is a well-reasoned decision based on a thorough examination of the plain meaning and legislative purpose of the relevant statutory provision as a whole, whereas *Vega* is a poorly-reasoned decision that narrowly relies on a tortured

3

interpretation of a single term within the statutory provision, "underpayment," and an incorrect understanding of the legislative purpose to upend decades of precedent.

The competing decisions of the First Department in *Vega* and the Second Department in *Grant* have created uncertainty over this important legal issue. The Second Circuit must weigh in and resolve whether the NYLL provides a private right of action when wages are paid in full but a week late.

As set forth in greater detail below, this Court should grant the Petition and certify the March 14th Order for interlocutory appeal. The district court correctly found that the requirements for certifying an interlocutory appeal under 28 U.S.C. §1292(b) have been satisfied. Specifically, this pressing legal issue involves a controlling question of law over which there is a substantial ground for a difference of opinion. Moreover, a reversal of the March 14th Order would immediately terminate this litigation in its entirety because it would resolve the sole claim in this case and many like it.

## **QUESTION PRESENTED**

1. If employers pay manual workers all the wages they earn on a bi-weekly rather than a weekly basis in technical violation of NYLL § 191, does the NYLL contain a private right of action permitting employees who received their wages in full to sue to recover an equal amount in liquidated damages for any

alleged late payments (*i.e.*, double pay) as well as prejudgment interest and attorneys' fees?

## **RELIEF SOUGHT**

Pregis requests permission to immediately appeal the district court's March 14th Order denying its motion to dismiss the Complaint. If the Petition is granted, Pregis will seek reversal of the March 14th Order or, in the alternative, certification by this Court of the question presented to the New York Court of Appeals.

## I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that she was employed by Pregis in New York from approximately April 2021 to October 2021.[1] Appx. 2-3. At all relevant times during her employment, Plaintiff was compensated on a bi-weekly basis. (*Id.* at 3.) Plaintiff does not dispute that she was paid all earnings that were owed. Rather, Plaintiff merely asserts that every other week's wages were paid one week late. (*Id.*)

Plaintiff commenced this action on April 10, 2023, by asserting a single claim for failure to pay timely wages in violation of the NYLL. She brings the claim on behalf of herself and "a class defined as all persons employed by [Pregis] in the State of New York over the last six years who (1) earned nine hundred dollars a week or

---

[1] Pregis states the facts as alleged in the Complaint and in the light most favorable to Plaintiff for the purposes of this Petition only. Pregis in no way admits such facts or waives, rather expressly preserves, its right to contest Plaintiff's allegations and present different facts and arguments at later stages of the proceedings.

less; and/or (2) did not did not [*sic*] have the authority to hire and fire other employees." (*Id.*) Plaintiff seeks to recover on behalf of herself and the putative class "liquidated damages in amounts to be determined by the Court and/or jury," "prejudgment interest," and "attorneys' fees, expenses, and costs of suit." (*Id.* at 5.)

On June 5, 2023, Pregis moved to dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 14.)[2]

On March 14, 2024, the district court issued the March 14th Order denying Pregis' motion to dismiss Plaintiff's Complaint in its entirety. *See* Appx. 7-25. In the March 14th Order, however, the district court acknowledged that a "split in authority" exists within New York's intermediate appellate courts with respect to whether Section 191 and Section 198 confer an express or implied private right of action. (*See id.* at 19.)

On March 25, 2024, Pregis promptly moved the district court to amend and certify the March 14th Order for interlocutory appeal. *See* Dkt. No. 44. Pregis also requested that the district court stay the litigation during the pendency of its interlocutory appeal. (*Id.*)

---

[2]    References to "Dkt." refer to electronic filings in the district court for the Northern District of New York, Case No. 23-cv-790, available on PACER.

On April 29, 2024, Plaintiff responded to the motion to amend and certify. *See* Dkt. No. 53. Plaintiff opposed Pregis' request to amend and certify, as well as its request for a stay of discovery pending appeal. (*Id.*)

By order dated October 24, 2024 ("October 24th Order"), the district court granted Pregis' motion to amend and certify the March 14th Order for interlocutory appeal, as well as its request for a stay. Appx. 26-43.

This Petition is timely, having been filed within ten days of the October 24th Order issued by the district court. 28 U.S.C. §1292(b); Fed. R. App. P. 5(a)(3). Pregis submits that this Petition should be granted for the reasons set forth below.

## II.   ARGUMENT

### A.   Legal Standard.

28 U.S.C. §1292(b) permits appellate jurisdiction over interlocutory civil orders "[w]hen a district judge . . . [is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

When a denial of a motion to dismiss "satisfies these criteria and involves a new legal question or is of special consequence then the district court should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174,

186 (2d Cir. 2013). Under these circumstances, the Court of Appeals may then, "in its discretion, permit an appeal to be taken from such order." *Id*.

Indeed, there are two steps for an interlocutory appeal to be heard by the Court of Appeals. First, the district court must certify its order for appellate review. It shall certify any order that (i) "involves a controlling question of law," (ii) "as to which there is substantial ground for difference of opinion," and (iii) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.§ 1292(b).

Second, if the district court certifies the order for interlocutory appeal, the applicable Court of Appeals may, upon a petition filed by the would-be appellant, accept or decline jurisdiction. *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 416 (2015). In deciding whether to grant a petition for interlocutory appeal, the Court of Appeals considers the same statutory criteria the district court applies in granting leave to appeal and determines whether the district court correctly applied it. *Klinghoffer v. S.N.C. Achille Lauro AltriGestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citing *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 965 & n.5 (2d Cir. 1988)).

Critically, **<u>three</u>** separate district court judges in this circuit have each reached the conclusion that the issue before this Court satisfies the criteria for an

interlocutory appeal. *See* Appx. 26-43; *Birthwright v. Advance Stores Co., Inc.*, No. 22-593, Dkt. No. 72 (E.D.N.Y. July 24, 2024); *Charles v. United States of Aritzia,* No. 1:23-cv-9389 (MMG), Dkt. No. 31 (S.D.N.Y. Oct. 22, 2024). As discussed in detail below, these judges correctly found that the criteria for an interlocutory appeal are satisfied for the private-right-of-action issue presented in this Petition.

**B.**     **The March 14th Order Involves a Controlling Question of Law.**

There can be no dispute that the question of whether the New York Labor Law contains a private right of action to recover liquidated damages when manual workers are paid their wages in full on a bi-weekly rather than weekly basis is a controlling question of law. Indeed, Plaintiff did not dispute that this requirement is satisfied in her opposition to Pregis' motion to amend and certify the March 14th Order.

Whether an individual has a private right of action to pursue alleged violations of NYLL § 191 is a pure question of law. *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022) ("A decision that a statute does [or does not] authorize a private right of action is of course a purely legal ruling."); *See Ramos v. Apple Inc.*, 2023 U.S. Dist. LEXIS 158183, at *3 (S.D.N.Y. Sept. 6, 2023) (whether a private right of action exists for alleged violations of NYLL §191 is a "pure issue of law").

"[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24. Were this

Court to determine that Plaintiff does not have a private right of action, its reversal of the March 14th Order would result in the dismissal of this action. Under these circumstances, Plaintiff would not have a private right of action to assert and pursue her pay frequency claim, which is the only claim that she has asserted in this action. As a reversal of the March 14th Order would terminate this action, Pregis' appeal involves a controlling question of law. *See id.*; Appx. 29 n.2.

**C.** **There is a Substantial Difference of Opinion over this Issue within the Courts.**

A substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551, (S.D.N.Y. 2013) (quoting *In re Enron Corp.*, No. 06 Civ. 7828(SAS), 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007)), *aff'd in part & vacated in part*, 826 F.3d 78 (2d Cir. 2016)). Where the decision under review conflicts with other decisions, substantial ground for difference of opinion may exist. *See, e.g., Glatt*, 2013 WL 5405696, at *2; *Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 907 F.Supp.2d 492, 526 (S.D.N.Y. 2012). The standard is met when a party seeking certification shows "genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305, 309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir.2008), *abrogated in part on other grounds* by *Shipping Corp. of India, Ltd.*

10

*v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). The Second Circuit has affirmed district court certifications of interlocutory appeals under circumstances where "a conclusion [on the issue] is not free from doubt." *Zakrzewska v. New School*, 574 F.3d 24, 27 (2d. Cir. 2009); Appx. 31-32, 34.

There is conflicting authority on the question presented, both at the state appellate level and among the federal district courts. As the March 14th Order and October 24th Order readily acknowledge, the *Vega* and *Grant* decisions have created a split within New York's Appellate Division in the First and Second Departments. *See* Appx. 19, 30-31; *Birthwright*, No. 22-593, Dkt. No. 72. The First Department and the Second Department are the only two appellate courts to weigh in on the issue and, thus, this issue is one of first impression for the Second Circuit.

The diametrically opposed *Vega* and *Grant* holdings alone are sufficient to establish a substantial ground for difference of opinion on the issue. *Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 506 (2d Cir. 2020) (concluding that "there is ample ground for difference of opinion" when there is a split in authority between only two appellate decisions); *Birthwright*, No. 22-593, Dkt. No. 72; Appx. 30-31. In reaching the conclusion that there is a substantial ground for difference of opinion as to this same private-right-of-action issue, District Judge Gary R. Brown explained in *Birthwright* that he "cannot (and has not) ignored the

'split among the Appellate Divisions' as well as the conflicting views of the district courts."

There is also conflict among the federal district and state courts. At least one federal district court has followed the Second Department's decision in *Grant*. A judge in the Western District of New York concluded in *Galante v. Watermark Services IV, LLC*, No. 23-cv-6227, 2024 U.S. Dist. LEXIS 40337 (W.D.N.Y. Mar. 7, 2024), that the New York Court of Appeals would adopt *Grant* and reject *Vega* and, therefore, it held that there is no private right of action. Moreover, for decades prior to *Vega*, New York state and federal district courts consistently and correctly held that a mere pay frequency violation, without any actual underpayment or failure to pay wages, did not trigger a private right of action to recover damages under the NYLL.[3] The decisions of these courts conflict with recent decisions following *Vega*.

---

[3]      *See IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455, 660 N.Y.S.2d 585, 586 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of NYLL § 191; there was no finding that the wages paid on a bi-weekly basis were an "underpayment" and liquidated damages were not assessed); *Phillips v Max Finkelstein, Inc.*, 66 Misc.3d 514, 518-19, 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019), *aff'd as modified by* 73 Misc.3d 1, 153 N.Y.S.3d 750 (App. Div. 2021); *Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476 (Queens Cnty. Sup. Ct., June 11, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of NYLL § 198); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-cv-932, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the NYLL] contains no provision for private recovery for violations of its provisions regarding frequency of pay"); *Arciello v. Cty. of Nassau*, No. 16-cv-3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019) (dismissing NYLL § 191 claim because NYLL §

However, as the Second Department explained in *Grant*, many of those courts followed *Vega* simply because it was the only appellate-level decision on point at the time. *Grant*, 223 A.D.3d at 716-17.

While Plaintiff argued in her opposition to Pregis' motion to amend and certify the March 14th Order that there is no substantial ground for difference of opinion because most recent district court decisions have followed *Vega*, this argument was rejected by the district court. Appx. 31-33. In rejecting this argument, District Judge Mae A. D'Agostino, reasoned that "[t]here is no bright line rule as to how many courts must disagree to establish a substantial ground for difference of opinion," and noted that the "divide among courts on this issue is likely to continue to grow" absent clear direction from this Court. Appx. 31-32. Indeed, as Judge D'Agostino noted, several of the recent district court decisions accepting *Vega* have acknowledged their doubts about the viability of the *Vega* decision, evidencing a difference of opinion even among those district courts following *Vega*. Appx. 32-33.

This Court must recognize the significant split in authority on this issue and conclude that the district court correctly found that a substantial ground for

---

198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-cv-5563, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018) ("The NYLL does not appear to provide" private recovery for NYLL § 191 violations).

difference of opinion exists. *See Yu v. Hasaki Rest., Inc*., 874 F.3d 94, 96 (2d Cir. 2017) (finding "substantial ground for difference of opinion" where courts were in conflict regarding a question of law); *see Zakrzewska*, 574 F.3d at 27.

**D.** **Immediate Appeal of the March 14th Order Will Materially Advance the Ultimate Termination of This and Other Litigation.**

"Courts place particular weight on … whether immediate appeal will materially advance the ultimate termination of the litigation." *Florio v. City of N.Y., N.Y.*, No. 06 Civ. 6473 (SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008); *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.,* 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005). "The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996) "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'" *Florio*, 2008 WL 3068247, at *1 (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)). Moreover, "where the question of which claims are viable under New York law could significantly impact the classes to be certified, the scope and focus of discovery, any subsequent motion for summary judgment, and the issues to be presented at trial, an early resolution of the applicable law could significantly improve the efficiency of this litigation and reduce its cost for both Defendants and the putative class[.]" *Baker v. Saint-Gobain Performance Plastics Corp.*, 232

14

F.Supp. 3d 233, 256 (N.D.N.Y. Feb. 6, 2017), *aff'd in part*, 959 F.3d 70 (2d Cir. 2020).

Judge Brown concluded in *Birthwright* that "there can be no dispute" that this factor is satisfied. No. 22-593, Dkt No. 72 at pp. 1-2. As explained above, a successful appeal of this issue would not merely advance the ultimate termination of this action, it would actually result in the termination of this action. *See* Appx. 36 ("…if the Second Circuit or Court of Appeals conclude that [NYLL §] 191 does not provide for a private cause of action, this case would be terminated"). The possibility of such a result is particularly valuable here where discovery has been stayed and no summary judgment motions have been filed, as a successful interlocutory appeal would obviate the need for further discovery or motion practice altogether. *Id.*; *see Republic of Colom. v. Diageo N. America Inc.,* 619 F.Supp.2d 7, 11 (E.D.N.Y. Sept. 7, 2007) ("If Defendant[] were to prevail . . . the action would be dismissed in whole or in part, thus eliminating or significantly reducing the costs of discovery. As a result, permitting an interlocutory appeal will expedite this litigation."); *see also Vidal v. Nielsen,* 2018 U.S. Dist. LEXIS 3179, at *14 (E.D.N.Y. Jan. 8, 2018) (granting certificate of appealability and noting that the Second Circuit's potential conclusion "would not only simplify this court's task but might also reduce the scope of discovery.") (citing *Zygmuntowicz v. Hosp. Inv., Inc.,* 828 F.Supp. 346, 353 (E.D. Pa. 1993) (ultimate termination of litigation materially

advanced if interlocutory appeal would, *inter alia*, "eliminate issues thus making discovery much easier and less costly")).

The possibility of such a result is particularly valuable here where there are dozens if not hundreds of other pending federal district court cases involving the same identical private-right-of-action issue. *Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 90 (2d Cir. 2004) (granting interlocutory appeal under 28 U.S.C. §1292(b) where resolution of the controlling question of law would determine whether "scores of pending lawsuits" were properly in federal court). A reversal of the March 14th Order would create significant precedential value and rid New York state and federal courts of the pay frequency litigation that has overwhelmed them. *See, e.g.,* Keshia Clukey, *Century-old New York State Weekly Pay Law Sparking Contentious Legal Battle,* NEWSDAY (June 23, 2024) (reporting there are hundreds of pay frequency lawsuits pending in the New York courts); Jennifer Bennett, *NY Manual Worker Pay-Delay Suits Spike After Century on Books*, BLOOMBERG LAW (Oct. 2, 2023); Nicole Gelinas, *Insane State Law Poses Huge New Threat to New York Jobs*, NEW YORK POST (March 19, 2023).

### III.     <u>CONCLUSION</u>

For each of the foregoing reasons, Pregis respectfully requests that the Court grant its Petition.

Dated: New York, New York
　　　November 4, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.


By: ___/s/ Robert M. Tucker_____
　　 Robert M. Tucker
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500
robert.tucker@ogletree.com

*Attorneys for Defendant-Petitioner*
*Pregis LLC*

17

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding the portions exempted by Fed. R. App. P. 32(f).

[X] this brief contains 3,650 words

[ ] this brief uses monospaced type and contains [ ] lines

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft word in 14-point Times New Roman font; or

[ ] this brief or other document has been prepared in a monospaced typeface using [ ] or [ ].

Dated: November 4, 2024

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Robert M. Tucker*
Robert M. Tucker
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500
robert.tucker@ogletree.com

*Attorneys for Defendant-Petitioner*

18

STATE OF NEW YORK    )                 **AFFIDAVIT OF SERVICE**
                             )    ss.:        **BY E-MAIL**
COUNTY OF NEW YORK   )

      I, Tyrone Heath, 2179 Washington Avenue, Apt. 19, Bronx, New York 10457, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age and resides at the address shown above:

**On November 4, 2024**

deponent served the within: **PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND FRAP 5(a)(3)**

**upon:**

> **Yitzchak Kopel, Esq.**
> **Alec M. Leslie, Esq.**
> **BURSOR & FISHER, PA**
> **1330 Avenue of the Americas, 32nd Floor**
> **New York, NY 10019**
> **ykopel@bursor.com**
> **aleslie@bursor.com**

via email at the email addresses shown by consent of all parties. The party(s) waive service of any hard copies.

**Sworn to before me on November 4, 2024**

/s/ Mariana Braylovskiy
      **Mariana Braylovskiy**
    Notary Public State of New York
        No. 01BR6004935
    Qualified in Richmond County
  Commission Expires March 30, 2026

                      **Tyrone Heath**

                      **Job #  334093**